# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALTER,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | NO. EDCV 09-1569 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

David Walter filed this action on August 21, 2009. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on September 9 and 18, 2009. (Dkt. Nos. 8, 9.) On April 26, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On June 7, 2006, Walter filed an application for disability insurance benefits. Administrative Record ("AR") 11. On June 20, 2006, Walter filed an application for supplemental security income benefits. *Id.* In both applications, Walter alleged a disability onset date of April 15, 2006. *Id.* The applications were denied initially and upon reconsideration. AR 11, 20-24. Walter requested a hearing before an Administrative Law Judge ("ALJ"). AR 28. On November 6, 2008, the ALJ conducted a hearing at which Walter, two medical experts and a vocational expert ("VE") testified. AR 302-39. On March 18, 2009, the ALJ issued a decision denying benefits. AR 11-18. On June 15, 2009, the Appeals Council denied Walter's request for review. AR 4-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Walter met the insured status requirements through December 31, 2009. AR 13.

Walter had the severe impairments of benign brain mass, depressive disorder, not otherwise specified, chronic marijuana abuse, chronic alcohol abuse, in partial remission, osteoarthritis of the right knee, and lumbar spine disorder. AR 13. He had the residual functional capacity ("RFC") to perform light work, except that he can stand or walk two hours in an eight-hour workday, and sit for six hours in an eight-hour workday with customary breaks. AR 15. He can "occasionally push, pull, and finger with the left upper extremity," and "frequently reach and handle with the left upper extremity." *Id.* He should "avoid hazards such as dangerous or fast moving machinery, unprotected heights, and pools of water," take "no responsibility for the safety of others," and "carry out no complex tasks." *Id.* He cannot be hypervigilant. *Id.* He can have "occasional, non-intense interaction with coworkers and supervisors." *Id.*

The ALJ found that Walter could not perform his past relevant work as a glazier and a carpenter, but could perform jobs that exist in significant numbers in the national economy. *Id.* at 17-18.

### C. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found Walter's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 15.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

The ALJ made no finding of malingering. He found that Walter's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." AR 15. "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects

4

of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13[1]) (quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

"If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Id.* at 959 (citing *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

The ALJ discounted Walter's credibility for three reasons: (1) Walter's inconsistent statements and conduct; (2) the lack of corroborating objective evidence in the record to support the degree of Walter's complaints; and (3) the "routine conservative treatment" Walter received. AR 16.

### 1. Inconsistent Statements and Conduct

The ALJ found that Walter's statements and conduct were inconsistent. AR 16. Walter testified he was terminated from his glazier job because he was not fast enough. *Id.*; AR 323. Walter told his doctor, however, that he left his job due to his drinking. AR 16, 267. An ALJ may consider inconsistent statements by a claimant. *Thomas*, 278 F.3d at 958-59. The ALJ also noted that Walter testified he regularly drove his stick shift truck, despite his complaints about left upper extremity weaknesses. AR 16, 321. The ALJ's finding is supported by substantial evidence.

---

[1] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

5

### 2. Objective Evidence

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ noted that the medical evidence did not support Walter's claims. AR 16. The objective medical evidence showed Walter's benign brain mass had been stable for years. AR 16, 228-29, 232. An x-ray of the right knee showed only early osteoarthritis. AR 192. A lumbar spine x-ray showed only mild spurring. AR 16, 239, 281. Diagnostic imaging of his hips did not show significant degenerative change. AR 240. An EMG study of the right lower extremity was negative. AR 225, 227. Further, there was no gross disturbance of gait or strength, and no marked or extreme limitation of joint motion. AR 13. The ALJ's finding is supported by substantial evidence.

### 3. Conservative Treatment

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). The ALJ found that Walter's complaints had been treated conservatively. AR 16. Walter primarily took medication, did physical therapy, and had an injection. AR 203-06, 277-81, 285-90, 297; *see also Tommasetti*, 533 F.3d at 1040 (describing physical therapy and anti-inflammatory medication as conservative treatment). He reported that

///
///
///
///
///
///
///

Vicodin worked for his low back and right knee pain, and asked for refills.[2] AR 203, 206, 282, 290. The ALJ's finding is supported by substantial evidence.

The ALJ provided "specific, clear and convincing reasons" for declining to fully credit Walter's testimony, *see Lingenfelter*, 405 F.3d at 1036, and his credibility finding is supported by substantial evidence. The Court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

### D. Treating Physician

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotation marks omitted).

Walter contends the ALJ "failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting" Dr. Gordon's opinions contained in a 2007 Work Capacity Evaluation (Mental) form ("2007 Assessment") and a 2008 Work Capacity Evaluation (Mental) form ("2008 Assessment") (collectively, "Dr. Gordon's Assessments"). JS 20. In the 2007 Assessment, Dr. Gordon stated that Walter was extremely limited in his ability to maintain attention and concentration for extended periods, markedly limited in three areas, moderately limited in five areas, and that she was unable to assess Walter's limitations in seven areas. AR 250-51. In the 2008 Assessment, Dr. Gordon stated that Walter

///

---

[2] Impairments that can be controlled effectively with medication are not considered disabling. *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006).

7

was extremely limited in virtually every aspect of work, markedly limited in one area, and moderately limited in four areas. AR 209-10.

The ALJ gave Dr. Gordon's Assessments "no weight" on the ground that they are "inconsistent with the treating source records and do not appear to be objective assessments" of Walter's impairments. AR 16. Dr. Gordon's Assessments were also undermined by Dr. Gordon's "failure to diagnose substance abuse properly." *Id.*

The ALJ provided adequate reasons for discounting Dr. Gordon's Assessments. The ALJ found Dr. Gordon's Assessments "in stark contrast" to the doctor's treatment notes. AR 14. Dr. Gordon's treatment notes from August 2007, November 2007, and July 2008 stated that Walter's attention and concentration were "appropriate." AR 16-17, 253, 265, 266. Walter had appropriate appearance, mood, affect and speech. AR 253, 265, 266. In addition, the treatment notes dated June 25, 2008 stated Walter did not meet the criteria for a "presumptive disability." AR 254. Dr. Gordon's treatment notes undermined Dr. Gordon's Assessments. AR 14, 256, 263, 269. An ALJ need not accept a treating physician's opinion if it is "'inadequately supported by clinical findings.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).[3]

In addition, the ALJ discounted Dr. Gordon's Assessments because of Dr. Gordon's failure to diagnose Walter's substance abuse. AR 16. Walter is correct in pointing out that Dr. Gordon's Assessments were made "apart from the effects

///
///
///

---

[3] In this regard, the ALJ discounted Dr. Gordon's Assessments on the ground that they were not objective. AR 16.

of drug or alcohol use or abuse."[4]  JS 19; AR 209, 250.  The ALJ's reliance on Dr. Gordon's failure to diagnose Walter's substance abuse, however, is harmless error.  *See Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless if it is "inconsequential to the ultimate nondisability determination").  The ALJ set forth a host of other specific and legitimate reasons to discount Dr. Gordon's Assessments in addition to Dr. Gordon's failure to diagnose Walter's substance abuse.

The ALJ provided adequate reasons, under the appropriate legal standard, for discounting Dr. Gordon's Assessments.[5]  The ALJ did not err.

### E. Step Five of the Sequential Analysis

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do.  *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits.  If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits.  *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."  *Id.*

---

[4] Walter is incorrect, however, in asserting that the ALJ misrepresented the record and determined that Walter's impairments exist only in conjunction with substance abuse.  JS 20.  The ALJ relied on the testimony of the examining psychologist, Dr. Glassmire, who indicated his assessment of Walter's impairments would not change regardless of whether he considered substance abuse.  AR 14, 312-13.

[5] Walter argues the ALJ erred in failing to contact Dr. Gordon for clarification of her opinions.  JS 24; *See* SSR 96-5p ("For treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us.").  The ALJ did not err in failing to contact Dr. Gordon for clarification of her opinions because there is no indication of any ambiguity in the record.  AR 14, 16.

9

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the *Dictionary of Occupational Titles*."[6] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (footnote omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009). SSR 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435.

Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE had provided sufficient support for her conclusion so as to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

Here, the ALJ found Walter has the RFC "to perform light work . . . except stand or walk two hours in an eight-hour workday, . . . [and] occasionally push, pull, and finger with the left upper extremity." AR 15. The VE testified that Walter could not perform his past relevant work as a glazier and a carpenter. AR 335-36. The VE further testified that Walter could perform work as an inspector and hand

---

[6] The Dictionary of Occupational Titles ("DOT") raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

10

packager, a bench assembler, and a cleaner as performed in the regional or the national economy.  AR 337-38.

Walter argues there is a conflict between the VE's testimony and the DOT. Walter contends that a limitation to two hours of standing or walking per day and a limitation of occasional fingering with the left upper extremity are inconsistent with the requirements of inspector and hand packager, bench assembler, and cleaner. JS 3-7; DOT Nos. 559.687-074, 706.684-042, 323.687-014.  The DOT states that the cleaner job is "light" work that "requires walking or standing to a significant degree."  DOT No. 323.687-014; *see also* SSR 83-10 (light work "requires a good deal of walking or standing").  The DOT states that the inspector and hand packager job and the bench assembler job require frequent fingering, defined as existing from 1/3 to 2/3 of the time.  DOT Nos. 559.687-074, 706.684-042.

Walter has made a sufficient showing of an apparent conflict between the VE's testimony and the DOT to require the ALJ to ask the VE whether her testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for any conflict.  *Massachi*, 486 F.3d at 1153; *Bray*, 554 F.3d at 1234. The VE properly explained the basis for her opinion that Walter could perform the jobs as inspector and hand packager, bench assembler and cleaner as follows:  "I don't believe being the non-dominant hand that [limiting the left upper extremity with regard to the fingering to occasional] would change any of those jobs."  AR 337-38.  However, the ALJ's hypothetical did not include a limitation as to standing or walking two hours in an 8-hour workday.  AR 336.  Therefore, the VE's explanation completely ignores the potential conflict with the walking and standing limitation.  *See Massachi*, 486 F.3d at 1154 n. 19 (error where a VE fails to provide an adequate basis for a deviation from the DOT).  The ALJ did not ask the VE whether her testimony conflicted with the DOT and whether a reasonable explanation existed for the apparent conflict.  AR 337-38.

Under these circumstances, the Ninth Circuit has held that "we cannot determine whether the ALJ properly relied on [the VE's] testimony." *Massachi*, 486 F.3d at 1154. Further, "we cannot determine whether substantial evidence supports the ALJ's step-five finding that Massachi could perform other work." *Id.* The remedy, according to the Ninth Circuit, is "to remand this case so that the ALJ can perform the appropriate inquiries under SSR 00-4p." *Id.*

## IV.

## **ORDER**

IT IS HEREBY ORDERED that this matter is remanded for further proceedings at Step Five consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 6, 2011

　　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　　United States Magistrate Judge